UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYLER DAVID WEISMAN,

        Petitioner,

v.                                                  Case No.  6:23-cv-1273-JSS-UAM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

## ORDER

On July 31, 2023, Petitioner Tyler David Weisman filed an Amended Petition for Writ of Habeas Corpus. (Amended Petition, Dkt. 4.) Respondent filed a Supplemental Response to the Amended Petition (Supplemental Response, Dkt. 13), and Petitioner filed a Reply to the Supplemental Response, (Reply, Dkt. 19). In his Amended Petition, Petitioner raises three grounds for relief. (*See* Dkt. 4.) Upon consideration, for the reasons set forth below, the Amended Petition is denied.

## PROCEDURAL HISTORY

Petitioner was charged with lewd or lascivious molestation against a person less than twelve years of age by a person eighteen years of age or older. (Dkt. 13-1 at 6.) Pursuant to a plea agreement, Petitioner entered a plea of no contest. (*Id.* at 8–10.) In accordance with the plea agreement, Petitioner was sentenced to 365 days in jail to be followed by twenty years of sexual predator probation, a downward departure from

the statutory minimum mandatory sentence. (*Id.* at 14–15, 17–25.) Petitioner did not appeal.

On May 17, 2012, after Petitioner admitted to violating his probation, the trial court reimposed probation. (*Id.* at 26–27, 29.) Petitioner did not appeal. On June 3, 2014, after Petitioner admitted to violating his probation, he was sentenced to probation again. (*Id.* at 32–33, 35–36.) On August 19, 2015, the state court found that Petitioner had violated his probation for a third time. (*Id*. at 182.) The court therefore sentenced Petitioner to 25 years of imprisonment to be followed by sex offender probation for life. (*Id.* at 244–50.) Petitioner appealed, and Florida's Fifth District Court of Appeal (Fifth DCA) affirmed the finding of a violation of probation. (*Id.* at 306–07.) However, the Fifth DCA found insufficient evidence to support the violation of one condition of probation. (*Id.*) Accordingly, the Fifth DCA remanded the case to the circuit court to enter a corrected order striking the violation of that condition from the order of revocation. (*Id.*) On remand, the circuit court entered a corrected order revoking Petitioner's probation. (*Id*. at 321.)

Petitioner filed a motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c). (*Id*. at 324–28.) The state court denied the motion after an evidentiary hearing. (*Id*. at 343.) Petitioner then filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (*Id*. at 336–44.) The state court denied the motion. (*Id*. at 347–48.) Petitioner appealed but voluntarily dismissed the appeal. (*Id*. at 380.) Next, Petitioner filed a state habeas petition alleging

claims of ineffective assistance of appellate counsel. (*Id.* at 382–94.) The Fifth DCA denied the petition. (*Id.* at 710.) Petitioner also filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.* at 722–57.) The state court dismissed the motion as facially insufficient with leave to amend. (*Id.* at 821–23.) Petitioner then filed an amended motion under Rule 3.850. (*Id.* at 826-67.) The state court denied one of Petitioner's claims and ordered an evidentiary hearing on six other claims. (*Id.* at 1208–12.) The state court denied the remaining claims after the hearing. (*Id.* at 1351–55.) Petitioner appealed, and the Fifth DCA affirmed per curiam. (*Id.* at 1411.)

Petitioner filed another Rule 3.800(a) motion to correct an illegal sentence. (*Id.* at 1422–23.) The state court denied the motion. (*Id.* at 1426–30.) Petitioner appealed, and the Fifth DCA affirmed per curiam. (*Id.* at 1467.)

Petitioner filed the Amended Petition for federal habeas relief under 28 U.S.C. § 2254. Because the court can resolve the entire Amended Petition based on the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## APPLICABLE STANDARDS

Pursuant to the Antiterrorism Effective Death Penalty Act (AEDPA), a federal court may not grant federal habeas relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A federal habeas court must identify the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). When the state court's adjudication on the merits is unaccompanied by an explanation, the habeas court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, "such as alternative grounds for affirmance that were briefed or argued [to the higher court] or obvious in the record it reviewed." *Id.* at 125–26, 132–33.

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 412–13). "For a state-court decision to be an 'unreasonable application' of Supreme Court precedent, it must be more than incorrect—it must be 'objectively unreasonable.'" *Thomas v. Sec'y, Dep't of Corr.*, 770 F. App'x 533, 536 (11th Cir. 2019) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). If a state judge fails to resolve the merits of a claim, however, no deference is warranted under § 2254(d)(1). *Calhoun v. Sec'y, Fla. Dep't of Corr.*, 607 F. App'x 968, 970–71 (11th Cir. 2015) (citing *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003)).

Under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court is presumed correct and the habeas petitioner must rebut the presumption of correctness with clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

If the state court applied the correct Supreme Court precedent, the federal court must consider whether the state court unreasonably applied that precedent or made an

unreasonable determination of the facts. *Whatley v. Warden*, 927 F.3d 1150, 1181 (11th Cir. 2019). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 1175 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Federal courts may review a claim de novo only if the state court's decision was based on an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. *Id.*

## ANALYSIS

In his Amended Petition, Petitioner asserts three grounds for relief. (Dkt. 4 at 19.) The court considers each in turn.

### A. Ground One

Petitioner first contends that he was denied due process in his post-conviction proceeding because the state court refused to compel the attendance of a subpoenaed witness and refused to grant a continuance of the evidentiary hearing to obtain the appearance of witnesses. (*Id.*) Essentially, Petitioner complains that his post-conviction evidentiary hearing was defective for these reasons. Respondent argues that this ground is not cognizable. (Dkt. 13 at 10–11.)

The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009); *see also Alston v. Dep't of Corr., Fla.,* 610 F.3d 1318, 1326 (11th Cir. 2010) (concluding that a claim challenging the state court's

determination of the petitioner's competency during the post-conviction proceeding did not present a cognizable habeas claim). Ground One only alleges that the state court collateral proceeding was defective and is therefore not a cognizable basis for granting habeas relief. *See Sutton v. Sec'y, Dep't of Corr.*, No. 6:11-cv-308-Orl-28DAB, 2012 WL 3871867, at *4 ("In this claim, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, it must be denied.").

To the extent that Petitioner relies on *Dickerson v. Alabama*, 667 F.2d 1364 (11th Cir. 1982), to show that Ground One is cognizable, his argument is unavailing. In *Dickerson*, the Eleventh Circuit considered whether the trial court violated the petitioner's right to compulsory process by denying a continuance of the trial to allow him to compel an alibi witness's attendance. *Id.* at 1368–71. In contrast, Petitioner here does not challenge the denial of a continuance of his violation of probation hearing to compel an alibi witness; rather, he is challenging the state court's actions in his post-conviction proceeding. Therefore, Petitioner's contention that his state post-conviction proceeding was inadequate because the state court failed to continue the evidentiary hearing is not a cognizable habeas claim. *See, e.g., Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention and did not state a basis for habeas relief). Accordingly, Ground One is denied.

### B. Ground Two

Petitioner maintains his plea of no contest was invalid because the plea agreement legally could not be fulfilled as it included an illegal sentence. (Dkt. 4 at 19.) To support this ground, Petitioner argues that section 775.082(3)(a)4 of the Florida Statutes requires the imposition of a 25-year term of imprisonment and, therefore, the trial court was prohibited from imposing a sentence of probation as contained in the plea agreement. (Dkt. 19 at 15–16.)

Petitioner raised this ground in his second Rule 3.800(a) motion. (Dkt. 13-1 at 1422–23.) The state court denied relief, reasoning that under Florida law, the state attorney may agree to waive the minimum mandatory sentence. (*Id.* at 1428–29.) Petitioner appealed the denial of his claim, and the Fifth DCA affirmed per curiam. (*Id.* at 1467.)

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, clearly established federal law. Florida courts have recognized that "[t]he state attorney's power in [sentencing questions] is forcefully demonstrated by those cases which hold that the prosecution's agreement alone is sufficient to constitute a clear and convincing reason justifying a sentence lower than the one required by applying the legislatively mandated sentencing guidelines." *Madrigal v. State*, 545 So. 2d 392, 395 (Fla. Dist. Ct. App. 1989); *see also State v. Collins*, 482 So. 2d 388 (Fla. Dist. Ct. App. 1985) (discerning no abuse of judicial discretion in sentencing below the guideline sentence where the state attorney agreed to a downward departure as part of a plea bargain). Moreover, Florida courts

recognize that "when a defendant accepts the benefit of an illegal placement on probation when the proper sentence called for mandatory prison time, he is precluded from later challenging on estoppel grounds the legality of that probation upon its revocation." *Rucker v. State*, 626 So. 2d 276, 278 (Fla. Dist. Ct. App. 1993). Therefore, under Florida law, the state attorney was authorized to agree to a sentence of probation, which was less than the statutory minimum sentence, and Petitioner, who received the benefit of that bargain, was precluded from challenging the validity of the plea agreement after his violation of probation. *See Madrigal*, 545 So. 2d at 394 ("[O]ur courts have held that sentences and other judicial actions which deviate from statutory and even constitutional requirements to the potential benefit of the defendant and to which he agreed may not be the subject of a successful challenge brought only after he has failed to carry any burden imposed upon him."). Accordingly, Ground Two is denied under § 2254(d).

### C. Ground Three

Petitioner asserts the state court violated his Fifth Amendment right against self-incrimination at his violation of probation hearing by requiring him to testify. (Dkt. 4 at 19.) According to Petitioner, this error requires that his sentence for violation of probation be vacated. (*Id.*) Respondent argues that this ground is procedurally barred from review because it was not exhausted in the state court. (Dkt. 13 at 9–10, 12.) Petitioner concedes that this ground was not raised in the state court but argues his procedural default is overcome under *Martinez v. Ryan*, 566 U.S. 1 (2012). (Dkt. 19 at 21.)

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). Federal courts must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez*, 566 U.S. 1.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). "To establish 'cause' for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright*, 169 F.3d at 703. To show "prejudice" to warrant review of a procedurally defaulted claim, a petitioner must show that "there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The United States Supreme Court has held that a prisoner may demonstrate cause for failing to raise a claim of ineffective assistance of trial counsel if "the state courts did not appoint counsel in the initial-review collateral proceeding" or "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Martinez*, 566 U.S. at 14. The petitioner, however, "must also demonstrate

that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*.

The second exception, known as the "fundamental miscarriage of justice" exception, only occurs in the extraordinary case in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Because Petitioner did not raise Ground Three in the state courts, it is procedurally barred absent an exception to the procedural default. Petitioner relies on *Martinez* to excuse his procedural default. However, *Martinez* only applies to unexhausted claims of ineffective assistance of trial counsel. *Davila v. Davis*, 582 U.S. 521, 535 (2017) ("*Martinez* covers only one trial error (ineffective assistance of trial counsel)."). Ground Three does not assert a claim of ineffective assistance of trial counsel. Rather, it raises a claim of trial court error. Thus, *Martinez* does not apply to establish cause and prejudice to excuse Petitioner's procedural default of this ground. Likewise, Petitioner has not established he is actually innocent. Therefore, Ground Three is procedurally barred and thus denied.

## CERTIFICATE OF APPEALABILTY

This court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot demonstrate that jurists of reason would find this court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the court will deny Petitioner a certificate of appealability.

## CONCLUSION

Accordingly:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 4) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a certificate of appealability in this case.

3. The Clerk shall enter judgment and close this case.

- 13 -

**ORDERED** in Orlando, Florida, on January 9, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record